# EXHIBIT A

MATTHEW M. TAYLOR, ESQ. [SBN 252556]
GRETA KATZ, ESQ. [SBN 249400]
ISSA MIKEL, ESQ. [SBN 289097]
**THE LAW OFFICES OF DANIEL KIM**
611 Anton Boulevard, Suite 1000
Costa Mesa, CA 92626
Telephone:    (818) 465-5074
Facsimile:    (714) 551-9551
E-mail: litteam3@dkimlaw.com
Attorneys for Plaintiffs SHAUNA GILBERT
and SHAWN GILBERT

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

5/30/2025 6:35:39 PM

Clerk of the Superior Court
By  P. Neal              ,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SHAUNA GILBERT and SHAWN GILBERT, <br><br> Plaintiffs, <br> v. <br><br> AMAZON.COM SALES, INC., a corporation; <br> THE SPORTSMAN'S DEN II, INC., a corporation; <br> BARNETT OUTDOORS, LLC, a corporation; <br> DOE 1 (the local delivery service provider); <br> DOE 2 (crank cocking device component manufacturer); <br> DOE 3 (cocking string component manufacturer); <br> DOE 4 (cocking sled manufacturer); and <br> DOES 5 to 100 Inclusive, <br><br> Defendants. | Case No.:    25CU029224C <br><br> **COMPLAINT FOR DAMAGES FOR PERSONAL INJURY:** <br><br> 1. **Negligence** <br> 2. **Negligence – Products Liability** <br> 3. **Strict Products Liability** <br> 4. **Strict Liability – Failure to Warn of Defective Condition** <br> 5. **Breach of Implied Warranty of Merchantability** <br> 6. **Breach of Implied Warranty of Fitness for a Particular Purpose** <br> 7. **Negligence (Negligent Infliction of Emotional Distress)** <br> 8. **Fraud (Intentional Misrepresentation)** <br> 9. **Fraud (Negligent Misrepresentation)** <br> 10. **Loss of Consortium** <br><br> Complaint Filed: <br> Trial: None Set |

**COMPLAINT FOR DAMAGES**

COME NOW the Plaintiffs, SHAUNA GILBERT and SHAWN GILBERT (collectively, "Plaintiffs"), and for causes of action against the Defendants, and each of them, complains and alleges as follows:

**PARTIES**

1.      Plaintiff, SHAUNA GILBERT, is and was at all times relevant to this Complaint a citizen of the State of California residing in San Diego.

2.      Plaintiff, SHAWN GILBERT, is and was at all times relevant to this Complaint a citizen of the State of California residing in San Diego.

3.      Defendant AMAZON.COM SALES, INC., is the largest online seller in the world with hundreds of billions of dollars in sales each year. Defendant AMAZON.COM SALES, INC. is, and at all relevant times was, a corporation doing business in the State of California, with a principal place of business located at its Amazon San Diego Tech Hub (Corporate Office) in San Diego at 10300 Campus Point Drive, San Diego, California 92121.

4.      Defendant THE SPORTSMAN'S DEN II, INC., is a corporation selling hunting and outdoors activities' gear and products to customers online, including to customers in California, including through Amazon.com, which is how Plaintiffs acquired the "Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device" that failed and caused injury and damages to Plaintiffs. Defendant THE SPORTSMAN'S DEN II, INC. is, and at all relevant times was, a corporation doing business in the State of California.

5.      Defendant BARNETT OUTDOORS, LLC, is the world's leading manufacturer of crossbow, archery and slingshot products, selling products to customers online, including to customers in California, including through Amazon.com. BARNETT OUTDOORS, LLC manufactured the crossbow involved in the June 6, 2023, incident that is the basis for this Complaint and which caused injury to Plaintiffs. Plaintiffs purchased in California the "Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device" that was manufactured by BARNETT OUTDOORS, LLC, and was shipped to Plaintiffs in a Barnett box.  Defendant BARNETT OUTDOORS, LLC is, and

**COMPLAINT FOR DAMAGES**

at all relevant times was, a corporation doing business in the State of California.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names under Code of Civil Procedure Section 474. Plaintiffs are informed and believe and thereon allege that each of the defendants herein designated as a DOE is negligently responsible in some manner for the events and happenings alleged herein and legally caused the injuries and damages alleged below.

7.      By way of further description, Defendant DOE 1, upon information and belief, is the local, California-based Delivery Service Partner that delivered the "Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device" to Plaintiffs in California in June 2023.  Upon information and belief, at all times relevant, Defendant DOE 1 is a person or entity doing business in California, registered to or permitted to do business in California, with a principal place of business in California.

8.      By way of further description, Defendant DOE 2, upon information and belief, is the manufacturer, designer, or maker of the crank cocking device component on the "Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device" Plaintiffs purchased in California in June 2023.  Upon information and belief, at all times relevant, Defendant DOE 2 is a person or entity doing business in California, registered to or permitted to do business in California, with a principal place of business in California.

9.      By way of further description, Defendant DOE 3, upon information and belief, is the manufacturer, designer, or maker of the cocking string component on the "Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device" Plaintiffs purchased in California in June 2023.  Upon information and belief, at all times relevant, Defendant DOE 3 is a person or entity doing business in California, registered to or permitted to do business in California, with a principal place of business in California.

10.      By way of further description, Defendant DOE 4, upon information and belief, is

**COMPLAINT FOR DAMAGES**

the manufacturer, designer, or maker of the cocking sled component on the "Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device" Plaintiffs purchased in California in May 2023.  Upon information and belief, at all times relevant, Defendant DOE 4 is a person or entity doing business in California, registered to or permitted to do business in California, with a principal place of business in California.

11.     Plaintiffs are informed and believe and thereon allege that each of the defendants was the agent, employee, or joint venturer of each of the remaining defendants and at all times alleged herein, defendants were acting within the purpose and scope of said agency, employment, or joint venture, and each defendant has ratified and approved the acts of the remaining defendants.  For each corporate defendant, Plaintiffs are informed and believe and thereon allege that each such defendants' corporate officers, directors and/or managing agents approved and/or ratified any wrongful conduct alleged in this Complaint, or were directly responsible for perpetrating such conduct.

## JURISDICTION AND VENUE

12.     The relevant events giving rise to Plaintiffs' claims and the conduct of the Defendants occurred in San Diego County.  Venue is therefore proper under California Code of Civil Procedure § 395.

13.     All of the facts and circumstances complained of herein occurred within the State of California or under circumstances such that this Superior Court has jurisdiction.

14.     At all times relevant herein, Defendants AMAZON.COM SALES, INC., THE SPORTSMAN'S DEN II, INC., BARNETT OUTDOORS, LLC, and DOES 1 – 100, inclusive (collectively, "Defendants"), and each of them, have purposefully directed activities at California (such as marketing, advertising, selling, or shipping products into the state), and the claims asserted herein arise out of or relate to those activities, whereby it is fair and reasonable under the circumstances for this Court to exercise personal and/or specific jurisdiction over each of the Defendants herein.

///

**COMPLAINT FOR DAMAGES**

## **GENERAL ALLEGATIONS**

15.     At all times herein mentioned, each Defendant was acting in the course and scope of their employment with the other Defendants.  Defendants are therefore vicariously liable for the acts of each of the remaining Defendants herein.

16.     In addition, each defendant was at all times acting as the actual and ostensible agent of the remaining Defendants, and was doing so at the behest of and with the approval of those Defendants.  At all times herein relevant, Plaintiffs reasonably and without negligence relied on the representations made by Defendants about the agency and employment of each of the remaining Defendants.

17.     As used throughout, "the crossbow" or "the Product" shall refer to the "Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device" purchased by Plaintiffs from Amazon.com in May 2023.

18.     On or about May 27, 2023, Plaintiffs purchased the Product from Amazon.com and it arrived within a few days.  The crossbow arrived with a factory-installed Barnett Crank Cocking Device.  The Crank Cocking Device was already installed (pre-installed) on the crossbow when it shipped to Plaintiffs. SPORTSMAN'S DEN II, INC. was identified on the Amazon.com receipt as a seller of the Product.

19.     In the box with the Product was the "BAR20030 SLED C.C.D. (CRANK COCKING DEVICE) Installation and Operating Manual" (hereinafter, the "Crank Cocking Device Manual"), along with the owner's manual and the crossbow (and bolts).

20.     The Crank Cocking Device Manual that arrived with the Product when Plaintiffs purchased it lists the Product Plaintiffs purchased, the Hyper Whitetail 410, as a "SLED C.C.D.

**COMPLAINT FOR DAMAGES**

Compatible Model" (top left model identified in the screenshot of the manual below):

**SLED C.C.D. Compatible Models and Screw Sizes:**

| 3178 - #4-40 x 3/4" Screws | | 3181 - #4-40 x 1" Screws |
|---|---|---|
| HyperWhitetail 410 | Raptor Reverse | Brotherhood |
| Raptor FX3 MO Brush | HeadHunter Reverse | Droptine / Droptine XT / Droptine STR |
| Raptor Pro STR | Vicious | BC Droptine XT |
| Whitetail Hunter Pro | DOA < 2016 | Droptine STR Strata |
| | | Droptine STR Terra |

21.     Photographs of the product on the Amazon.com website, from which Plaintiffs purchased the crossbow, as well as on the Sportsman's Den's Amazon.com page and on the Barnett box and instructional materials that came with the crossbow, all showed the Crank Cocking Device attached to and pre-installed/factory-installed on the crossbow.

22.     On or about June 6, 2023, Plaintiffs assembled the crossbow as instructed by the Barnett Crossbow Owner's Manual that came with the Product.

23.     On or about June 6, 2023, while Plaintiff Shawn Gilbert was present and looked on, Plaintiff Shauna Gilbert attempted to cock the crossbow as instructed in the Product manual using the pre-installed factory-installed Crank Cocking Device and cocking sled.  While Plaintiff Shauna Gilbert was in process of cocking the Product, the string connected to the Crank Cocking Device (hereinafter, the "CCD string") suddenly and unexpectedly broke and failed.

24.     As a result of the CCD string failing, the cocking sled was launched and flew with incredible force and speed into Plaintiff Shauna Gilbert's foot, which was of necessity placed in the attached stirrup necessary for proper operation and cocking of the crossbow.

25.     The incident caused great bodily injury to Plaintiff Shauna Gilbert that resulted, among other things, in the total amputation of two of Plaintiff Shauna Gilbert's toes on her right foot and life-long nerve pain.  Shawn Gilbert witnessed the incident and experienced emotional distress along with his wife and has also suffered loss of consortium since the accident.

26.     At all times relevant, Defendants AMAZON.COM SALES, INC., THE SPORTSMAN'S DEN II, INC., BARNETT OUTDOORS, LLC, and DOES 1 – 100, inclusive, designed, built, manufactured, tested, inspected, sold, advertised, distributed, and/or otherwise

**COMPLAINT FOR DAMAGES**

introduced into the stream of commerce the Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device.

27. At all times relevant, the Product was being used in a manner consistent with its intended use.

28. The Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device was defectively designed, manufactured, tested, maintained, delivered, inspected, and/or sold, and was in a dangerous condition and unsafe for the uses and purposes for which it was intended.

29. The defect(s) in the CCD string and the crank cocking device and/or the Product existed at the time the Product left Defendants' possession.

30. At all times relevant, Defendants AMAZON.COM SALES, INC., THE SPORTSMAN'S DEN II, INC., BARNETT OUTDOORS, LLC, and DOES 1 – 100, inclusive, knew or should have known that the Barnett Hyper Whitetail 410 Ready to Hunt Crossbow Package with 4x32mm Illuminated Scope, 2 Arrows, Quiver, with Crank Device was defectively designed, tested, maintained, delivered, inspected, and/or sold, and was in a dangerous condition and unsafe for the uses and purpose for which it was intended.

31. At least as of May 14, 2025, Defendant BARNETT OUTDOORS, LLC, includes an asterisk on its website on the page it uses to sell its Hyper Whitetail 410 crossbow, including to Californians. The website now says the Hyper Whitetail 410 crossbow is not compatible with the Barnett Crank Cocking Device it came with pre-installed/factory-installed when the Plaintiffs bought it (see below snip of screenshot):

*Not compatible with any current Barnett Crank Cocking Devices (CCD).

32. There is no such disclaimer or asterisk or other warning on the page on Defendant SPORTSMAN'S DEN's website where, at least as of May 14, 2025, Defendant SPORTSMAN'S DEN continues to sell the Barnett Hyper Whitetail 410 PKG with the crank

**COMPLAINT FOR DAMAGES**

cocking device pre-installed/factory-installed on the crossbow:





33.     There is no such disclaimer or asterisk or other warning on the page on Defendant AMAZON.COM SALES, INC.'s website where, at least as of May 14, 2025, Defendant AMAZON.COM SALES, INC. continues to sell the Barnett Hyper Whitetail 410 PKG with the crank cocking device pre-installed/factory-installed on the crossbow, although it currently is out

of stock:





| | Barnett HyperTac Pro 430 Crossbow | Barnett Hyper Whitetail 410 Crossbow with Crank Cocking Device |
|---|---|---|
| | Buying Options | Buying Options |
| Customer Reviews | ★★★★☆ 22 | ★★★⯪☆ 40 |
| Price | — | — |
| Speed Feet Per Second | 430 fps | 410 fps |
| Kinetic Energy | 156 ft. lbs. | 142 ft. lbs. |
| Draw Weight | 230 lbs. | 190 lbs. |
| Dimensions | 37" x 17" x 9.25" | 24" x 16" x 22" |
| Camo Pattern | Mossy Oak Terra Floodplains | Mossy Oak Terra Bayou |
| Included Accessories | Three 22" Hyperflite Arrows, Premium 1.5-5x32 Illuminated, Speed Compensating Scope, Integrated Crank Cocking Device, Premium Side-Mount Quiver, Lubrication Wax | Pre-Installed Crank Cocking Device, Two 22" Hyperflite Arrows, 4x32mm Illuminated Scope, Premium Side-Mount Quiver, Rope Cocking Sled, Lubrication Wax, Installation Hardware |
| Trigger Tech | ✓ | ✓ |
| Single-Bolt Assembly | Comes fully assembled | ✓ |
| Hyperflite Compatibility | ✓ | ✓ |
| Crank Cocking Device Included | ✓ | ✓ |

**COMPLAINT FOR DAMAGES**

34.    As a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff Shauna Gilbert has suffered severe injuries to her body and shock and injuries to her nervous system, all of which caused and continue to cause her severe pain and discomfort and Plaintiff is informed and believes and based upon such information and belief alleges that she will in the future suffer severe mental, physical and nervous pain and suffering, all to her general damage in a sum according to proof at the time of trial.

35.    As a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff Shawn Gilbert witnessed his wife undergo a life-changing serious injury and has suffered severe mental and emotional pain and suffering, all of which caused and continues to cause him emotional distress and Plaintiff is informed and believes and based upon such information and belief alleges that he will in the future suffer severe emotional distress, all to his general damage in a sum according to proof at the time of trial

36.    As a direct and proximate result of the acts and omissions of the Defendants, and each of them, and injuries resulting therefrom, Plaintiffs necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses.  Plaintiffs are informed and believe and based upon such information and belief allege they will also have to incur additional, like expenses in the future, all in amounts presently unknown to Plaintiffs and all to their general damages in a sum according to proof at the time of trial.

37.    As a direct and proximate result of the acts and omissions of the Defendants, and each of them, and the injuries resulting therefrom, Plaintiffs have been unable to carry out their usual occupation and will thereby suffer damages by reason of loss of income; that the exact and reasonable amount of said loss of income is unknown to Plaintiffs, who will ask leave of the court either to show the amount of Plaintiffs' lost earnings, when ascertained, or to prove that amount at trial.

///

///

///

**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### Negligence

### (Against all Defendants)

38.     Plaintiffs incorporate each and every allegation set forth above as though fully set forth herein.

39.     Defendants AMAZON.COM SALES, INC., a corporation, THE SPORTSMAN'S DEN II, INC., a corporation, BARNETT OUTDOORS, LLC, a corporation, and DOES 1 – 100, inclusive, had the legal duty to actual and potential customers and consumers at all times to avoid causing them foreseeable harm and to exercise due care or reasonable care, meaning the care that a reasonably prudent person or entity would use under like circumstances.

40.     Defendants knew or should have known that if the Product was not properly and carefully designed, manufactured, sold, and/or distributed and/or was defective and/or dangerous, it would, if used by any member of the general public, be a substantial factor in causing serious and permanent injury.

41.     Defendants breached the duty of care they owe to Plaintiffs and were negligent when they designed, manufactured, sold, and/or distributed the Product such that it was dangerous and/or defective, and/or such that they permitted the dangerous and defective Product to be purchased by Plaintiffs.

42.     As a result of Defendants' negligence, Plaintiffs were foreseeably harmed and injured.  Plaintiff Shauna Gilbert suffered a violent, terrible injury to her foot and her husband, Plaintiff Shawn Gilbert witnessed the violent event.  Plaintiffs have endured and will endure pain, suffering, and medical expenses in an amount that will be shown according to proof, including past and future economic and non-economic damages.

43.     Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

## SECOND CAUSE OF ACTION

### Negligence - Product Liability

### (Against all Defendants)

44.     Plaintiffs incorporate each and every allegation set forth above in paragraphs 1

---

**COMPLAINT FOR DAMAGES**

through 37, as though fully set forth herein.

45. Defendants AMAZON.COM SALES, INC., a corporation, THE SPORTSMAN'S DEN II, INC., a corporation, BARNETT OUTDOORS, LLC, a corporation, and DOES 1 – 100, inclusive, were engaged in the manufacture, design, testing, producing, inspecting, vending, distributing, supplying, introducing into interstate commerce, transporting in interstate commerce, advertising, selling, installing, assembling and/or recommending for use to the general public the Product.

46. Defendants AMAZON.COM SALES, INC., a corporation, THE SPORTSMAN'S DEN II, INC., a corporation, BARNETT OUTDOORS, LLC, a corporation, and DOES 1 – 100, inclusive, owed duties of care to actual and potential customers and consumers with respect to the Product.  Such duties included but were not limited to: designing, formulating, manufacturing, distributing, selling, and/or providing the Product in a fashion that was safe to consumers; packaging the Product safely so as to reasonably minimize the potential for injury; labeling the Product so as to reasonably warn consumers of the potential for danger; and reasonably applying knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products.

47. Defendants AMAZON.COM SALES, INC., a corporation, THE SPORTSMAN'S DEN II, INC., a corporation, BARNETT OUTDOORS, LLC, a corporation, and DOES 1 – 100, inclusive, knew or should have known that if the Product was not properly and carefully manufactured, designed, tested, maintained, inspected, supplied, installed, assembled, delivered, molded, warned, and/or labeled prior to sale or distribution to consumers, it would, if used by any member of the general public, be a substantial factor in causing serious and permanent injury.

48. Defendants AMAZON.COM SALES, INC., a corporation, THE SPORTSMAN'S DEN II, INC., a corporation, BARNETT OUTDOORS, LLC, a corporation, and DOES 1 – 100, inclusive, negligently and carelessly manufactured, designed, tested, supplied, maintained, inspected, installed, assembled, delivered, molded, labeled, warned, and/or sold the Product so

**COMPLAINT FOR DAMAGES**

that it was in an unreasonably dangerous and defective condition and unsafe for the use and purposes for which it was intended.

49.    Defendants, and each of them, failed, to use the amount of care in designing, manufacturing, inspecting, installing, supplying, and/or distributing the Product that a reasonably careful designer, manufacturer, inspector, installer, supplier, and distributor would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

50.    The condition of the Product was known to Defendants, and each of them, or should have been discovered by them through the exercise of ordinary care and reasonable diligence, but was not disclosed or made known to purchasers or users of the Product, including Plaintiffs.  Defendants failed to disclose known risks, including that the Hyper Whitetail 410 was not compatible with the Crank Cocking Device, that the Crank Cocking Device made the Hyper Whitetail 410 unreasonably unsafe or that the CCD string would be subject to sudden unexpected failure while a consumer was using the pre-installed Crank Cocking Device to cock the Product in its intended manner, resulting in major bodily injury.

51.    In fact, on information and belief, Defendants presently know the Product is defective and unreasonably dangerous and a danger to the public and is incompatible with the Crank Cocking Device that is pre-installed/factory-installed on the Product, and yet Defendants continued to sell and/or currently continue to sell the Product to the general public while knowing the product is defective and poses risk of serious harm. Upon information and belief, Defendants have not recalled the Product or issued a warning or recall notice to any previous purchasers of the Product, including Plaintiffs.

52.    At all times herein mentioned, purchasers or users of the Product, including Plaintiffs, had no knowledge of the defective condition of the Product or of any danger in the use of the Product in its intended manner.

53.    In doing the acts alleged in this Complaint, Defendants failed to follow quality control protocols and industry standards, regulations, guidelines, statutes and rules relating to the production, design, assembly, inspection, distribution, and sale of the Product and/or otherwise allowed the defective Product to be delivered to Plaintiffs.

**COMPLAINT FOR DAMAGES**

54. The industry standards, regulations, guidelines, statutes and rules violated by Defendants were drafted, written, and designed to prevent the type of incidents and injuries that occurred in this case, and Plaintiffs are among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

55. As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff Shauna Gilbert suffered severe injuries to her person, which Plaintiff Shawn Gilbert, her husband, witnessed. Plaintiffs have endured pain, suffering, and medical expenses in an amount that will be shown according to proof, including past and future economic and non-economic damages.

56. The negligence and carelessness of the Defendants was a substantial factor in causing the injuries and damages alleged above.

### THIRD CAUSE OF ACTION

### Strict Product Liability – Design and Manufacturing Defect

### (Against all Defendants)

57. Plaintiffs incorporate each and every allegation set forth above in paragraphs 1 through 37, as though fully set forth herein.

58. Defendants AMAZON.COM SALES, INC., a corporation, THE SPORTSMAN'S DEN II, INC., a corporation, BARNETT OUTDOORS, LLC, a corporation, and DOES 1 – 100, inclusive, were engaged in the manufacture, design, testing, producing, inspecting, vending, distributing, supplying, introducing into interstate commerce, transporting in interstate commerce, advertising, selling, installing, assembling and/or recommending for use to the general public the Product.

59. Defendants AMAZON.COM SALES, INC., a corporation, THE SPORTSMAN'S DEN II, INC., a corporation, BARNETT OUTDOORS, LLC, a corporation, and DOES 1 – 100, inclusive, and each of them were responsible for placing the Product into the stream of commerce and selling it to consumers, including Plaintiffs.

60. At the time that the Product left the control of the Defendants, the Product was unreasonably dangerous and defective as a result of design, manufacture, alteration, and/or

modification by the Defendants.  The defects in the Product include but are not limited to the CCD string suddenly and unexpectedly failing when used in its intended way due to defective design and/or manufacture, and/or a defective design or manufacture of the Crank Cocking Device such that it, as BARNETT OUTDOORS, LLC, proclaims currently on its website, is in fact "not compatible" with the Hyper Whitetail 410 crossbow upon which it was factory-installed/pre-installed and then sold/supplied/delivered to Plaintiffs.  The cocking sled that came with Product for use with the Crank Cocking Device was also defectively designed or manufactured.

61.     On information and belief, Defendants knew or should have known the Product was unreasonably dangerous when Plaintiffs purchased it and Defendants manufactured, designed, distributed, and/or sold the product with knowing disregard of the safety of Plaintiffs.

62.     The Product did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.  The design of the Product, including but not limited to the Crank Cocking Device, the CCD string, the cocking string, and the cocking sled, was defective in that the Product should not have failed and the CCD string should not have suddenly and unexpectedly failed and broken while it was being used or misused in a foreseeable manner.  Similarly, the cocking sled should not have bent and warped the way it did when it was being used in a foreseeable manner as instructed by the manuals included with the Product.

63.     Plaintiffs were harmed by the Product.  Plaintiff Shauna Gilbert's injuries resulted, among other things, in the amputation of two of Plaintiff Shauna Gilbert's toes, permanent nerve damage, emotional distress, and ongoing and likely lifelong pain and disability.  Plaintiff Shawn Gilbert witnessed the incident and experienced emotional distress as a direct result.

64.     The defects in the Product were a substantial factor in causing Plaintiffs' harm.  Had the Product not been defective, Plaintiffs would not have suffered the losses, damages, and harm that they have.  The Product's failure to perform safely was a substantial factor in causing Plaintiffs' harm.

**FOURTH CAUSE OF ACTION**

**Strict Liability – Failure to Warn of Defective Condition**

**(Against all Defendants)**

65.     Plaintiffs incorporate each and every allegation set forth above in paragraphs 1 through 37, as though fully set forth herein.

66.     The Product was in a dangerous and defective condition when it was introduced into the stream of commerce by the Defendants, who designed, manufactured, distributed, supplied, and/or sold the Product.  The Product was so defective that when used in a way that was reasonably foreseeable, the potential risks of the Product created a substantial danger to users of the Product and others, including Plaintiffs.

67.     The Product had defects and potential risks that, on information and belief, were known and/or knowable to Defendants in light of the scientific and engineering knowledge that was generally accepted, known, and available at the time of manufacture, distribution, and sale of the Product. On information and belief, Defendants possessed special knowledge of the materials, design, character, and assemblage of the Product, including but not limited to the Crank Cocking Device, the CCD string, and the sled used with the Crank Cocking Device. Defendants knew, or in the exercise of reasonable care, should have known that the defects and potential risks presented a substantial danger when the Product was used or misused in an intended or reasonably foreseeable way, as Plaintiffs used it.

68.     Ordinary consumers would not have recognized the potential risks presented by the defective Product, nor would the ordinary consumer recognize or have knowledge that the Product was dangerous and defective.

69.     Defendants failed to adequately warn of the potential risks the defective Product presents.  Indeed, Defendants continue to offer the Product for sale even though Defendants know or should know, and indeed BARNETT OUTDOORS, LLC, has admitted that, the Product is dangerous and defective.

70.     Plaintiffs were harmed and suffered injuries as a result of the Defendants' failure to warn of the potential risks and dangerous and defective conditions of the Product, as set forth

**COMPLAINT FOR DAMAGES**

more fully above.

71.     The Defendants' failure to warn and the lack of sufficient warnings regarding the Product was a substantial factor in causing Plaintiffs' harm.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability

### (Against all Defendants)

72.     Plaintiffs incorporate each and every allegation set forth above in paragraphs 1 through 37, as though fully set forth herein.

73.     At all relevant times herein, Defendants marketed, manufactured, promoted, distributed, and/or sold the Product for use by the public at large, including the Plaintiffs.

74.     Defendants sold the Product to Plaintiffs.

75.     At the time of the purchase, Defendants were in the business of marketing, manufacturing, promoting, distributing and/or selling goods like the Product.

76.     The Product was not fit for the ordinary purpose for which it was to be used, including but not limited to the facts that the Crank Cocking Device was defectively designed or manufactured, as was the CCD string and the cocking sled, and the CCD was pre-installed, factory-installed on the Hyper Whitetail 410 crossbow when the CCD was not compatible with it.

77.     The Plaintiffs suffered bodily injuries and emotional distress as a direct, proximate result of the defects in the Product.

78.     The failure of the Product to have the expected quality was a substantial factor in causing Plaintiffs' harm.

## SIXTH CAUSE OF ACTION

### Breach of Implied Warranty of Fitness for a Particular Purpose

### (Against all Defendants)

79.     Plaintiffs incorporate each and every allegation set forth above in paragraphs 1 through 37, as though fully set forth herein.

80.     Plaintiffs bought the Product from Defendants.

COMPLAINT FOR DAMAGES

81. At the time of purchase, on information and belief, Defendants knew or had reason to know that Plaintiffs intended to use the product for a particular purpose, i.e., to safely shoot crossbow bolts from the Product if it was used or misused in a foreseeable way.

82. At the time of the purchase, Defendants knew or had reason to know that Plaintiffs were relying on their skill and judgment to select or furnish a product that was suitable for the particular purpose.

83. Plaintiffs reasonably relied upon and justifiably relied on Defendants' skill and judgment when they purchased and assembled the Product according to its instructions.

84. The Product was not suitable for the particular purpose for which it was purchased.

85. Plaintiffs were harmed as described herein.

86. The failure of the Product to be suitable for the particular purpose for which it was purchased was a substantial factor in causing Plaintiffs' harm.

### SEVENTH CAUSE OF ACTION

**Negligence (Negligent Infliction of Emotional Distress)**

**(Asserted by Plaintiff Shawn Gilbert Only – Against All Defendants)**

87. Plaintiffs incorporate each and every allegation set forth above in paragraphs 1 through 37, as though fully set forth herein.

88. As set forth herein by the facts alleged herein, the Defendants negligently caused injury to Plaintiffs. The Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

89. When the CCD string broke on the Product as Plaintiff Shauna Gilbert was using the Crank Cocking Device in the usual and customary manner to cock the Product, sending the cocking sled flying forcefully and with great speed into Plaintiff Shauna Gilbert's foot, amputating her toes, her husband, Plaintiff SHAWN GILBERT was present, looking on.

90. At the time it was happening, Plaintiff Shawn Gilbert was aware that the Product was causing injury to his wife, Plaintiff Shauna Gilbert.

91. Plaintiff Shawn Gilbert suffered serious emotional distress as a result of

witnessing the amputation of his wife's toes and witnessing her suffer and struggle with such a tremendous and violent injury.

92.     The Defendants' conduct was a substantial factor in causing Plaintiff Shawn Gilbert's serious emotional distress.

<strong><u>EIGHTH CAUSE OF ACTION</u></strong>

<strong>Fraud (Intentional Misrepresentation)</strong>

<strong>(Against all Defendants)</strong>

93.     Plaintiffs incorporate each and every allegation set forth above in paragraphs 1 through 37 as though fully set forth herein.

94.     Defendants made various representations to Plaintiffs regarding the Hyper Whitetail 410 crossbow, including but not limited to the representations that it was compatible with the Crank Cocking Device and that it was safe for use with the Crank Cocking Device. Said representations were false.  Defendants made such representations via various media, including but not limited to: the Amazon website, the Sportsman's Den product page on the Amazon.com website, the Barnett box in which the crossbow was delivered, and various written and photographic materials that were included with the crossbow, including but limited to instructional materials and the Crank Cocking Device manual.

95.     On information and belief, Defendants, and their corporate officers, directors and/or managing agents knew such representations were false when they were made, and/or such persons made such representations recklessly and without regard for their truth or falsity.  Such knowledge or recklessness can be shown by various facts, including but not limited to:

a.  Defendants marketed, sold, distributed, shipped, and delivered the Product with the incompatible Crank Cocking Device, which Crank Cocking device was pre-installed, factory-installed on the Product, including the unit sold to Plaintiffs.

b.  Defendants' marketing and sales materials included photographs and descriptions on their websites that showed the Hyper Whitetail 410 already installed with the incompatible Crank Cocking Device, as well as photographic and instructional materials that were shipped with the Hyper Whitetail 410 that explicitly stated the

<strong>COMPLAINT FOR DAMAGES</strong>

crossbow was compatible with the pre-installed, factory-installed Crank Cocking Device and provided instructions for its putative "Correct Usage."

c. Defendant Barnett Outdoors, LLC, touts itself as having "started pioneering the modern crossbow movement over 60 years ago and have never stopped. Barnett has become the world's #1 producer of crossbows because we scrutinize every aspect of every crossbow. Focusing on precision, safety and performance, we take care of the details so you can take care of business." Barnett's website states that "Barnett is the world's No. 1 producer of crossbows because we scrutinize every aspect of every product. We focus on precision, safety and performance … taking care of all the details so you can take care of business." It further touts "CROSSBOW SAFETY" as "YOUR FIRST PRIORITY, AND OURS TOO."

d. As stated by Joe Snatchko, *executive vice president of sales and brand* at Barnett Outdoors, LLC, in an interview with Archerybusiness.com, "First and foremost, it's about the design, engineering, manufacturing standards and quality control of products to ensure quality and safety, and that's our main focus."

e. Barnett's extensive experience and touted extensive and rigorous design, testing and manufacturing standards and processes, and their "focus" on "quality and safety," mean, upon information and belief, that Barnett Outdoors, LLC's corporate officers, directors and/or managing agents knew that the Hyper Whitetail 410 was incompatible with the Crank Cocking Device, and knew they were marketing and selling the crossbow with an incompatible cocking mechanism, and/or were reckless as to these facts. Disregarding such defects, Barnett Outdoors, LLC's officers, directors and/or managing agents nonetheless sold the Hyper Whitetail 410 in an unsafe condition and made various representations that it was safe to use. Upon information and belief, Barnett Outdoors, LLC's corporate officers, directors and/or managing agents continue to sell the Product, in its dangerous and defective condition, and permit it to be sold through multiple other sellers. The Hyper Whitetail 410 is still available for

---

**COMPLAINT FOR DAMAGES**

purchase **with the CCD** from multiple retailers, including without limitation Cabela's, Sportsman's Warehouse, and Bass Pro Shops.

f.  On information and belief, Defendants Amazon.com Sales, Inc. and Sportsman's Den II, Inc., as well as their corporate officers, directors and/or managing agents, also knew or were reckless as to the facts stated herein and as to the falsity of representations made to Plaintiffs regarding the Hyper Whitetail 410.   Defendants Amazon.com Sales, Inc. and Sportsman's Den II, Inc. had a duty to investigate the representations made on their website(s), but failed to do so.

g.  Defendants, after selling the Product to Plaintiffs and other consumers, later turned around and admitted publicly that the Hyper Whitetail 410 is "not compatible" with the Crank Cocking Device that was pre-installed, factory-installed on the Product when it was delivered to Plaintiffs and other consumers, as now represented on their website(s).  However, such admissions came far too late for Plaintiffs, who purchased the Product while Defendants were still falsely marketing and making false representations that the Product was "safe" for use with the Crank Cocking Device.

96.    On information and belief, Defendants, and their corporate officers, directors and/or managing agents intended that actual and potential purchasers of the Product, including Plaintiffs, rely on such false representations.

97.    Plaintiffs reasonably relied on Defendants' representations.

98.    As a result of Defendants' false representations, Plaintiffs were harmed.

99.    Plaintiffs' reasonable reliance on Defendants' representations was a substantial factor in causing Plaintiffs' harm.

## NINTH CAUSE OF ACTION

### Fraud (Negligent Misrepresentation)

### (Against all Defendants)

100.    Plaintiffs incorporate each and every allegation set forth above in paragraphs 1

through 37 as though fully set forth herein.

101.    Defendants made various representations to Plaintiffs regarding the Hyper Whitetail 410, including but not limited to the representations that it was compatible with the Crank Cocking Device that came pre-installed, factory-installed on the Product and that it was safe for use with the Crank Cocking Device.  Said representations were false.

102.    On information and belief, Defendants, and their corporate officers, directors and/or managing agents had no reasonable grounds for believing the representations were true when made.

103.    Defendants, and their corporate officers, directors and/or managing agents intended that actual and potential purchasers of the Product, including Plaintiffs, rely on such false representations.

104.    Plaintiffs reasonably relied on Defendants' representations.

105.    As a result of Defendants' false representations, Plaintiffs were harmed.

106.    Plaintiffs' reasonable reliance on Defendants' representations was a substantial factor in causing Plaintiffs' harm.

## TENTH CAUSE OF ACTION

### Loss of Consortium

### (Asserted by Plaintiff Shawn Gilbert Only Against All Defendants)

107.    Plaintiffs incorporate each and every allegation set forth above in paragraphs 1 through 37 as though fully set forth herein.

108.    As a result of Defendants' wrongdoing alleged herein, Plaintiff Shawn Gilbert has been harmed by the injury to his wife, Plaintiff Shauna Gilbert, due to the loss of her companionship and services, including but not limited to the loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

109.    Defendants' wrongdoing was a substantial factor in causing Plaintiff Shawn Gilbert's harm.

//

**COMPLAINT FOR DAMAGES**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1.      For general damages, both past and future, against all Defendants in an amount to be determined at trial;

2.      For all medical expenses and costs of treatment incurred as a result of the Plaintiffs' injuries, both past and future, against all Defendants;

3.      For loss of earnings and earning capacity, both past and future, as against all Defendants;

4.      For economic damages, both past and future, (not already previously described above), against all Defendants in an amount to be determined at trial;

5.      For punitive damages against all Defendants as a remedy for strict product liability;

6.      For costs of this suit against all Defendants;

7.      For pre-judgment and post-judgment interest as permitted by law against all Defendants;

8.      For an order enjoining the Defendants from selling the Product to the public and to recall or otherwise prevent any entity in the stream of commerce from selling this unreasonably dangerous and defective Product; and

9.      For such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.


Respectfully submitted,

DATED:  May 30, 2025                    THE LAW OFFICES OF DANIEL KIM

                                       */s/ Greta Katz*

                                       _____
                                       MATTHEW M. TAYLOR, ESQ.
                                       GRETA KATZ, ESQ.
                                       ISSA MIKEL, ESQ.
                                       Attorneys for Plaintiffs SHAUNA GILBERT
                                       and SHAWN GILBERT

**COMPLAINT FOR DAMAGES**