**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SHAUNA GILBERT and SHAWN GILBERT,

Plaintiffs,

v.

AMAZON.COM SALES, INC., a corporation; THE SPORTSMAN'S DEN II, INC., a corporation; BARNETT OUTDOORS, LLC, a corporation; DOE 1 (the local delivery service provider); DOE 2 (crank cocking device component manufacturer); DOE 3 (cocking string component manufacturer); and DOES 5 to 100 inclusive,

Defendants.

Case No.: 3:25-cv-02312-BTM-SBC

**ORDER GRANTING MOTIONS TO DISMISS**

**[ECF NOS. 6, 7, 8]**

Before the Court are three separate motions to dismiss filed by the Defendants. Because the legal and factual issues are substantially the same in each motion to dismiss, the Court will resolve the three motions together through this order. For the reasons discussed below, the Defendants' motions to dismiss are **GRANTED**.

//

## I. BACKGROUND

The following facts are taken from the Amended Complaint and are presumed true at the motion to dismiss stage. (ECF No. 1-8, Ex. G ("Am. Compl.").) *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Plaintiffs Shauna and Shawn Gilbert purchased a crossbow manufactured by Defendant Barnett Outdoors, LLC, sold by The Sportsman's Den II, and advertised and distributed through Amazon.com Sales, Inc.'s website. (Am. Compl. ¶¶ 17–26.) After assembling the crossbow as instructed by the manual included in the crossbow's packaging, and while in the process of "cocking" the crossbow, a string connected to a factory-installed "Barnett Crank Cocking Device" ("CCD") failed and snapped, injuring Plaintiff Shauna Gilbert's foot. (*Id.* ¶¶ 18-24.) As a result, Plaintiff Shauna Gilbert required the total amputation of two toes and Plaintiff Shawn Gilbert allegedly experienced emotional distress. (*Id.* ¶ 25.)

The Plaintiffs commenced this action in the Superior Court of California in May 2025. They asserted the following claims in their amended complaint: (1) negligence; (2) negligence – product liability; (3) strict product liability – design and manufacturing defect; (4) strict liability – failure to warn of defective condition; (5) breach of implied warranty of merchantability; (6) breach of implied warranty of fitness for a particular purpose; (7) negligent infliction of emotional distress; (8) violation of the California Consumers Legal Remedies Act ("CLRA"); (9) fraud – intentional misrepresentation; (10) fraud – negligent misrepresentation; and (11) loss of consortium. (*Id.* ¶¶ 40–120.)

On September 4, 2025, the Defendants removed the action to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, 1446. They move to dismiss the sixth, eighth, ninth, and tenth claims.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 8, each pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint may survive a motion to dismiss only if it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

In addition, a plaintiff who alleges fraud must meet the heightened pleading requirements of Rule 9(b). Under that Rule, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires the pleader to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and citations omitted). Even if fraud is not a necessary element of a claim, the plaintiff must still comply with Rule 9(b) if she "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Id.* This renders the claim "grounded in" or "sounding in" fraud. *Id.* A claim grounded in fraud must meet the heightened pleading requirements of Rule 9(b). *Id.* at 1103–04.

//

When a motion to dismiss is granted, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Velez v. Cloghan Concepts LLC*, 387 F. Supp. 3d 1072, 1078 (S.D. Cal. 2019) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).

## III. DISCUSSION

The Defendants move to dismiss the Plaintiffs' sixth (breach of implied warranty of fitness for a particular purpose), eighth (violation of the CLRA), ninth (fraud – intentional misrepresentation), and tenth (fraud – negligent misrepresentation) claims. The Court addresses each claim in turn. The Defendants also move to dismiss the Plaintiffs' request for punitive damages.

### A. Breach of Implied Warranty of Fitness for a Particular Purpose

The Plaintiffs claim that the Defendants breached an implied warranty of fitness for a particular purpose. The Defendants argue that the Plaintiffs have not pled a purpose that is different from the ordinary purpose for a crossbow. The Defendants also contend that the Plaintiffs abandoned this cause of action by not defending it in their opposition.

To prevail on a claim for breach of the implied warranty of fitness for a particular purpose, the plaintiff must show that the seller, at the time of contracting, had reason to know of the buyer's particular purpose. *Keith v. Buchanan*, 173 Cal. App. 3d 13, 24 (1985). This requires the plaintiff to prove four elements: (1) the purchaser intended to use the goods for a particular purpose; (2) the seller had reason to know of the buyer's particular purpose; (3) the buyer relied on the seller's skill or judgment to select suitable goods; and (4) the seller had reason to know that the buyer was relying on the seller's skill and judgment. *Id.* at 25.

The Plaintiffs here allege that at the time they purchased the crossbow, the Defendants knew that the Plaintiffs intended to use the crossbow for a particular purpose, the Defendants relied on the Defendants' skill and judgment, and the crossbow was not suitable for the particular purpose for which it was purchased. (Amend. Compl. ¶¶ 81–88.)

//

The main problem with the Plaintiffs' Complaint is that they have not alleged a particular purpose different from the ordinary use of a crossbow. The Plaintiffs state that their intended particular purpose was "to safely shoot crossbow bolts from the [crossbow]." (Amend. Compl. ¶ 83.) Plaintiffs have made no attempt to identify what the ordinary purpose of a crossbow is, nor how their intended use is unique; but to safely shoot bolts from a crossbow is likely not particular enough. In not alleging a particular purpose, the Complaint is missing an essential element required to plead a cause of action under breach of implied warranty of fitness for a particular purpose. As such, the Plaintiffs have not met their burden in pleading factual allegations that would plausibly give rise to an entitlement to relief under this cause of action, and the Court dismisses Count 6 with leave to amend.

The Defendants have also argued that the Plaintiffs abandoned this claim by not defending it in their opposition, and therefore dismissal of Count 6 should be without leave to amend. (*See* ECF No. 16 ("Barnett's Reply") at 5–6; ECF No. 17 ("Amazon's Reply") at 2–3; ECF No. 18 ("Sportsman's Reply") at 2–3.) While it is true that the Plaintiffs failed to provide an argument on this issue in their opposition (*See generally* ECF No. 15, ("Pls.' Opp'n")), dismissal with prejudice at this juncture in the litigation would be inapposite to the lenient pleading standards considered for a Rule 12(b)(6) motion to dismiss.

**B. Fraud – Intentional Misrepresentation and Negligent Misrepresentation**

The Plaintiffs also allege causes of action for intentional misrepresentation (Count 9) and negligent misrepresentation (Count 10). The Defendants assert that the Plaintiffs have failed to satisfy the heightened pleading requirement under Rule 9(b).

A cause of action for intentional or negligent misrepresentation must be pled with heightened specificity. Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must plead "the who, what, when, where and how" of the fraud or misrepresentation. *Vess*, 317 F.3d at 1106. Moreover, when a plaintiff sues multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require(s) plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations

surrounding his alleged participation in the fraud." *Swartz v. KPMB LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

Here, where the Plaintiffs do identify specific Defendants in the complaint, their allegations still lack the required level of specificity required by Rule 9(b). For example, the Plaintiffs point to two representations made by Barnett that were, in their view, fraudulent. The first is a statement on Barnett's website which touts the company's focus on safety and performance. (Am. Compl. ¶ 106(c).) The second is a quote from an interview of Barnett's Executive Vice President of Sales and Brand in which he stated that safety was amongst one of the company's main focuses. (*Id.* ¶ 106(d).) However, the Plaintiffs allege neither how or when they encountered either of these two statements, nor how they came to rely on them. As such, the Court dismisses the Plaintiffs' claims for intentional and negligent misrepresentation with leave to amend.

Also, the Plaintiffs improperly lump the three corporate defendants together without specifying which Defendant did what. For example, the Plaintiffs allege that the Defendants "made various representations regarding the Hyper Whitetail 410 crossbow including but not limited to the representations that it was compatible with the Crank Cocking Device and that it was safe for use with the Crank Cocking Device." (Am. Compl. ¶ 105.) This conclusory lumping together of the Defendants falls short of the Rule's requirement that the Plaintiffs differentiate their allegations and identify the specific roles each Defendant played in the purported fraud.

**C. Violation of the CLRA**

The Plaintiffs also allege a violation of the CLRA (Count 8), which prohibits unfair and deceptive acts in the sale of goods. Cal. Civ. Code §§ 1750, et seq. The Defendants move to dismiss the Plaintiffs' CLRA claim on two grounds. First, the Defendants argue that the Plaintiffs have again failed to plead fraud with the particularity required by Rule 9(b). Second, the Defendants point out that the Plaintiff did not comply with the procedural requirements prescribed by the CLRA. As discussed, the Court finds that the Plaintiffs have indeed not satisfied the pleading requirements of Rule 9(b). Nor have the Plaintiffs,

as they concede in their opposition, fulfilled the CLRA's procedural mandate to file an affidavit. (Pls.' Opp'n, at 12.)

It is well established in this Circuit that Rule 9(b) governs claims under the CLRA. *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 299 F.R.D. 648, 655 (S.D. Cal. 2014); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). For the reasons addressed above, the allegations in the complaint do not satisfy Rule 9(b), and in turn, are deficient for purposes of the Plaintiffs' CLRA claim.

Additionally, the CLRA provides an independent reason for dismissing the Plaintiffs' claim here. The CLRA requires that, a plaintiff "file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." Cal. Civ. Code § 1780(d). If a plaintiff fails to file the required affidavit, the court shall dismiss the action without prejudice. *Id.*; *see also In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010). The Plaintiffs here concede that they inadvertently neglected to file the required affidavit and have promised that, if given leave to amend, they will include the required affidavit. (Pls.' Opp'n, 12.) For the foregoing reasons, the Court dismisses the Plaintiff's CLRA claim with leave to amend.

**D. Punitive Damages**

Lastly, the Plaintiffs seek punitive damages against all the Defendants.

California Civil Code Section 3294(a) allows for the recovery of punitive damages only where a plaintiff shows the defendant acted with malice, oppression, or fraud in connection with the tortious conduct at issue. *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *5 (N.D. Cal. May 31, 2011). The Plaintiffs have not alleged malice or oppression on the part of the Defendants. Rather, they allege that the Defendants falsely advertised the crossbow as safe for use as sold. (Pls.' Opp'n, at 12.) The Court has already found that the Plaintiffs failed to adequately plead their intentional misrepresentation claim, and the same finding applies to the Plaintiffs' punitive damages claim for fraud.

//

Further, the Plaintiffs' allegations are insufficient to support a punitive damages remedy against a corporate entity. California law provides that an employer may be liable for punitive damages in an action arising from the tortious conduct of an employee when the employee was guilty of oppression, fraud, or malice and the employer authorized or ratified the wrongful conduct. *Rhynes v. Stryker*, 2011 WL 2149095, at *6 (quoting *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1151 (1998)). For corporate employers, the authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation. *Id.*; *see also* Cal. Civ. Code § 3294(b).

The Plaintiffs contend that the Defendants (1) advertised and sold a dangerously defective product, placing the alleged computability of CCD front and center in their marketing of the product; and (2) put "safety" and "quality control" at the heart of their marketing strategy. (Pls.' Opp'n, 14.) According to the Plaintiffs, such conduct would not have occurred without executive authorization, and therefore, the Court may infer corporate ratification. This is a broad assumption about the internal corporate decision making of the Defendants. The Plaintiffs have not sufficiently alleged that an officer, director, or managing agent authorized or ratified any fraudulent conduct.

Additionally, the Plaintiffs also seek punitive damages for their negligent misrepresentation claim. However, under California law, punitive damages are not recoverable for negligent misrepresentation. *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1241 (1995).

Accordingly, the Court dismisses the Plaintiffs' requests for punitive damages with leave to amend, except as to the negligent misrepresentation claim.

## IV. CONCLUSION

For the reasons discussed above, the Defendants' motions to dismiss are **GRANTED**. The Plaintiffs' sixth (breach of implied warranty of fitness for a particular purpose), eighth (violation of the CLRA), ninth (intentional misrepresentation), and tenth (negligent misrepresentation) claims, as well as Plaintiffs' request for punitive damages,

are **DISMISSED** with leave to amend.

The Plaintiffs have leave to file an amended complaint within twenty-one (21) days from the entry of this Order to correct the deficiencies identified above. The Plaintiffs shall comply with Civil Local Rule 15.1 requiring the filing of a redlined version of the amended complaint in addition to the amended complaint. The Plaintiffs should also file the affidavit required by the CLRA concurrent with the amended complaint. In order to streamline further motions to dismiss, the parties shall proceed as follows. No later than twenty-one (21) days after the filing of the amended complaint, Defendants may file a joint motion to dismiss limited to twelve (12) pages of argument. The Plaintiffs may file an opposition limited to ten (10) pages of argument no later than twenty-one (21) days after the filing of the motion to dismiss. The Court will then set the motion down for oral argument.

**IT IS SO ORDERED.**

Dated: July 22, 2026

Honorable Barry Ted Moskowitz
United States District Judge